

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00086-CR

BILLY STEVEN NOWDEN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 24435

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Pursuant to a negotiated plea agreement, Billy Steven Nowden entered a plea of guilty to theft of property (mowers) valued at $20,000.00 or more but less than $100,000.00.[1] The trial court sentenced Nowden to ten years' imprisonment and ordered him to pay $25,000.00 in restitution, but suspended the sentence in favor of placing him on community supervision for five years, all in accord with that plea agreement.

Subsequently, the State alleged that Nowden violated the terms and conditions of his community supervision, which required him to (1) "mail a monthly report form to Lamar County [Community Supervision and Corrections Department] if permitted to reside outside of Lamar County" and (2) make payments of $500.00 per month to be applied toward restitution of loss suffered by the victim of the theft. After hearing evidence that Nowden mailed his community supervision officer only one monthly report form before his community supervision was transferred to Michigan and that he failed to pay restitution as ordered, the trial court found the State's allegations true, revoked Nowden's community supervision, and assessed the previously suspended sentence.

On appeal, Nowden argues that the State failed to meet its burden to establish that he violated the terms and conditions of his community supervision. Specifically, he asserts that the evidence established that a monthly report form was mailed and that "[t]he term and condition states . . . he is to mail a monthly report form . . . , not that he was to mail one of the forms every

---

[1]The theft statute in effect at the time of the 2011 offense listed Nowden's crime as a third degree felony. *See* Act of May 11, 2009, 81st Leg., R.S., ch. 70, § 1, 2009 Tex. Gen. Laws 114, 115 (amended 2015) (current version at Tex. Penal Code Ann. § 31.03 (West 2015)).

2

month." Nowden also argues that the trial court abused its discretion in basing the revocation on his failure to pay restitution because his indigence was established, and nothing demonstrated that he had the ability to pay the restitution as ordered. We conclude that the trial court's finding that Nowden willfully violated the trial court's order to pay restitution was supported by sufficient evidence.[2] Accordingly, we affirm the trial court's judgment.

## I.      Standard of Review

We review a trial court's decision to revoke community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The burden of proof requires the State to show by a preponderance of the evidence that the defendant violated a term of community supervision as alleged in the State's motion. *See Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).

The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the defendant's community supervision. *See Cardona*, 665 S.W.2d at 493–94; *Lawrence v. State*, 420 S.W.3d 329, 331 (Tex. App.—Fort Worth 2014, pet. ref'd).

---

[2]Because the State is required to prove only one ground to prevail on its motion to revoke an appellant's community supervision, we need not address Nowden's issues regarding the other alleged violation. *See Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).

## II.    Evidence at the Revocation Hearing

Although Nowden was represented by retained counsel when he pled guilty to the underlying offense, the trial court determined that Nowden was indigent at the time of the revocation proceedings and appointed counsel to represent him.[3] At the hearing, Nowden claimed that his sister had paid for his previously retained counsel, but that she had run out of money to hire counsel for the revocation proceedings.

Nowden testified that he was unable to pay restitution because he had a pinched nerve in his arm which had required surgery on his arm and neck in 2011 and that he suffered from arthritis. Nowden also testified that he had received social security disability benefits in the sum of $1,149.00 over the previous seven months as a result of the injuries to his arm and neck which rendered him unable to work. He explained that he had no proof of his injuries or disability determination because he was arrested before he could gather documentary corroboration. Although he had not worked since 2008, Nowden testified that he "was getting ready to start" paying restitution, but was unable to make any payments before the State filed its motion to revoke. He also testified that he had completed 100 hours of community service in Michigan.

Luke Luttrell, Nowden's community supervision officer, testified that before Nowden's community supervision was transferred to Michigan, he met with Nowden to explain his obligation to pay restitution in accord with the terms and conditions of his community supervision as ordered by the trial court. Luttrell informed the trial court that Nowden never claimed to him that he

---

[3]Nowden's application for court-appointed counsel for the revocation hearing, if any, was not included in the appellate record.

4

suffered from any disability or that he was unable to work as a result of this disability. According to Luttrell, Nowden neither objected to him at any time to the requirement that he pay the ordered $500.00 per month in restitution nor did he indicate that he would be unable to make this payment. When asked why he had not yet started making any payments, Nowden stated, "I didn't get no money. I didn't have -- I was getting -- my people was taking care of me." Nowden also testified that it took a long time before his disability benefits were approved, that he had received a lump sum[4] payment to compensate him from the time he applied for disability benefits until the time he received them, but that he did not use any of the money to pay restitution because "[c]hild support took it." Luttrell testified that Nowden failed to make restitution payments as ordered, and Nowden's failure to pay restitution was uncontested.

## III. Analysis

Nowden argues that the trial court abused its discretion in determining that he had the ability to pay the restitution under Texas's "ability to pay" statute. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(c) (West 2006). However, the Texas Court of Criminal Appeals has determined that restitution is not covered by this statute. *Gipson v. State*, 428 S.W.3d 107, 109 (Tex. Crim. App. 2014). Accordingly, we may not reverse the trial court's judgment on the basis that the State failed to prove Nowden's ability to pay restitution. *See id.*

Yet, we have previously declined to adopt the strict liability standard suggested by our sister courts. *Lively v. State*, 338 S.W.3d 140, 144–45 (Tex. App.—Texarkana 2011, no pet.) (citing *Sherwood v. State*, No. 10-09-00114-CR, 2010 WL 1611063, at *1 (Tex. App.—Waco

---

[4]There is no evidence of the amount of the lump sum payment.

Apr. 21, 2010, pet. ref'd) (mem. op., not designated for publication); *Hood v. State*, No. 12-08-00366-CR, 2009 WL 4981459, at *2 & n.1 (Tex. App.—Tyler Dec. 23, 2009, no pet.) (mem. op., not designated for publication); *Sierra v. State*, No. 03-08-00664-CR, 2009 WL 2902706, at *3 (Tex. App.—Austin Aug. 26, 2009, no pet.) (mem. op., not designated for publication)). Instead, we have determined that common law requires the State to demonstrate "that the probationer willfully refused to pay or make sufficient bona fide efforts to do so." *Id.* at 146.

Here, we find that the State met its burden. Nowden signed the terms and conditions of his community supervision, indicating his understanding that he had an obligation to pay restitution at the rate of $500.00 per month, but failed to make any payment after his community supervision was transferred to Michigan. He indicated that people were taking care of him while he had no money, that he had received a lump sum payment from the Social Security Administration, that he was receiving a monthly supplemental security income check, and that he was about to start paying toward the ordered restitution. Although Nowden testified that the lump sum payment was absorbed by child support arrearages,[5] the trial court was free to disregard this testimony. Viewing the evidence in the light most favorable to the trial court's finding, we conclude that the evidence was sufficient to support a determination that although Nowden possessed the ability to pay restitution for several months after he was approved for social security benefits, he failed to do so.

Alternatively, based on (1) Luttrell's testimony that Nowden never informed him that he had a disability or was unable to work and (2) Nowden's statement that he worked over 100 hours of community service while in Michigan during a time when his disability allegedly prevented him

_____

[5]There is no evidence of the amount of the alleged child support arrearage.

6

from working, the trial court could have made a credibility determination that Nowden was not disabled in 2013 when he was placed on community supervision, that he had the ability to work, and that his failure to work since 2008 was not based on any disability. Thus, the trial court was presented with sufficient evidence to make a determination that Nowden had not made a sufficient bona fide effort to pay restitution.

Based on the record presented at the revocation hearing, we cannot find that the trial court abused its discretion in concluding that Nowden either willfully refused or failed to make a sufficient bona fide effort to pay his restitution.

## IV. Conclusion

We affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:     August 25, 2016
Date Decided:       August 26, 2016

Do Not Publish

7